STATE OF WEST VIRGINIA

Stanford Allen,
Petitioner Below, Petitioner

FILED

March 23, 2020

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs.)  No. 18-0886 (McDowell County 10-C-85-S)

Donnie Ames, Superintendent,
Mt. Olive Correctional Complex,
Respondent Below, Respondent

## MEMORANDUM DECISION

Petitioner Stanford Allen, by counsel Dennie S. Morgan Jr., appeals the Circuit Court of McDowell County's October 5, 2018, order denying his petition for a writ of habeas corpus. Respondent Donnie Ames, Superintendent, Mt. Olive Correctional Complex, by counsel Shannon Frederick Kiser, filed a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 1999, petitioner was convicted of the first-degree murders of Jennette Henderson, David Henderson, and Martha Barber.[1] Beyond his confession to these murders, physical evidence, including a bullet in one of his victims that matched his gun and Ms. Barber's blood on his gun, linked him to these crimes. Petitioner appealed his convictions to this Court, and we refused his petition for appeal on April 25, 2001.

Petitioner filed his first petition for a writ of habeas corpus later in 2001. Following appointment of counsel, petitioner filed an amended habeas petition in 2005. The circuit court held an omnibus evidentiary hearing on May 13, 2005, and on November 7, 2005, the circuit court denied him habeas relief. On June 28, 2006, we refused petitioner's appeal from the order denying habeas relief.

---

[1] Petitioner was also convicted of burglary by breaking and entering.

1

Following this Court's ruling in *In re Renewed Investigation of the State Police Crime Laboratory, Serology Division*, 219 W. Va. 408, 633 S.E.2d 762 (2006) ("*Zain III*"),[2] petitioner, self-represented, initiated his second habeas proceeding on May 14, 2010.[3] On that same date, petitioner moved for post-conviction DNA testing of various evidence, including blood stains found at the crime scene, clothing taken from petitioner's residence, a gun containing blood within its barrel, and cigarette butts found at the crime scene. Petitioner claimed that the requested testing would exonerate him and reveal an individual named Mark Dean to be the perpetrator of the murders of which he was convicted.

The circuit court appointed successive attorneys to represent petitioner after a number of withdrawals from representation. Eventually, on July 12, 2017, petitioner, by counsel, filed an amended petition for writ of habeas corpus, which is the subject of this appeal. In petitioner's amended habeas petition, he alleged twelve grounds for relief: (1) defective indictment; (2) failure to disclose grand jury minutes; (3) insufficient voir dire; (4) biased jury panel; (5) violation of the Equal Protection clause; (6) violation of the prompt presentment rule; (7) prosecutorial misconduct; (8) failure to obtain all evidence at the crime scene and test it to determine whether it was exculpatory; (9) admission of expert witness testimony without conducting a proper analysis under West Virginia Rule of Evidence 702; (10) DNA/serology issue; (11) all grounds raised in prior habeas petitions, including those filed while self-represented; and (12) ineffective assistance of trial and appellate counsel. Petitioner also moved for DNA testing of the blood, previously determined to be Ms. Barber's, found within the barrel of the gun found at his home.

The parties appeared for an omnibus evidentiary hearing on September 26, 2017. Petitioner elicited testimony from Brian Cochran, a former West Virginia State Trooper who investigated the murders petitioner was found guilty of committing; McGinnis Hatfield, petitioner's appellate counsel; Ronald Hassan, petitioner's trial counsel; and Sidney Bell, the prosecuting attorney in petitioner's underlying criminal case. Following the hearing, the court afforded the parties additional time to brief the serology issue. In his supplemental brief, petitioner argued that the blood sample taken from the gun was not tested by defense counsel's trial expert, Anita Matthews. Petitioner further stated that "[t]he undersigned counsel realizes that [p]etitioner was asked if he wanted to continue the trial which he did not due to Ms. Matthews not being able to appear. Defense counsel indicated on the record that her report was not inconsistent with the State's expert's report." Petitioner stated, however, that "there was a small discrepancy regarding the testing of Martha Barber's blood which should have been explained to the jury. Undersigned counsel does not have the benefit of knowing whether defense counsel spoke to Ms. Matthew's [sic] about this issue and discovered whether it would be helpful or not." Petitioner also stated that

---

[2] In *Zain III*, this Court held that a prisoner convicted between 1979 and 1999 could institute a successive habeas proceeding on the issue of the serology evidence, despite having previously brought a prior habeas challenge to the same serology evidence. 219 W. Va. at 410, 633 S.E.2d at 764, syl. pt. 6.

[3] In addition to challenging the serology evidence introduced at trial, petitioner raised various ineffective assistance of habeas and trial counsel claims as well as challenges to the indictment and alleged trial errors.

he "is not able to say that Trooper Myers [sic] testing was flawed," but he believed review was necessary because "a court found that Myers' report had inaccurate information."[4]

On October 5, 2018, the court denied petitioner habeas relief. With respect to the DNA/serology issue, the court noted that

> [p]etitioner by [c]ounsel presented no evidence at the [o]mnibus hearing relating to this ground. However counsel did request and was granted a [sixty-]day time frame . . . to address by brief the DNA evidence . . . . There were no actionable grounds raised in said briefs. There is no proof that the [p]etitioner was prejudiced or even impacted by the DNA/[s]erology issues involved herein.

Concerning petitioner's claims incorporated by reference from his prior petitions, the court found that the

> matters have been addressed in the [p]etitioner's first habeas corpus proceeding wherein the primary issues raised were ineffective assistance of counsel and whether the confessions were given voluntarily. . . . Being that as a matter of law these matters have been previously adjudicated decided and denied there are no actionable grounds for relief in this proceeding.

This appeal followed.

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016) (citation omitted).

On appeal, petitioner argues that the court erred in failing to hold a hearing under *Zain III*, in failing to make adequate findings of fact and conclusions of law on all of the asserted grounds, in failing to grant his petition for a writ of habeas corpus, and in failing to hold a hearing on his previously un-adjudicated claims of ineffective assistance of prior habeas counsel.

We begin by reiterating our longstanding holding that

> [a] prior omnibus habeas corpus hearing is *res judicata* as to all matters raised and as to all matters known or which with reasonable diligence could have been known; however, an applicant may still petition the court on the following

---

[4] Based upon a representation made at the September 26, 2017, omnibus evidentiary hearing, this appears to be a reference to *Gray v. Ballard*, 848 F.3d 318 (4th Cir. 2017). In *Gray*, Trooper Myers misidentified habeas petitioner Gray's blood type. *Id.* at 323. But due to the untimeliness of Mr. Gray's petition, the court affirmed its denial. *Id.*

3

grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing; newly discovered evidence; or, a change in the law, favorable to the applicant, which may be applied retroactively.

Syl. Pt. 4, *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981). Petitioner's prior habeas corpus proceeding, during which he was appointed counsel and afforded an omnibus habeas corpus hearing, is res judicata as to all matters currently on appeal except for those related to our holding in *Zain III* and ineffective assistance of habeas counsel. Although the circuit court addressed all of the grounds raised by petitioner, it need not have, and we will not entertain challenges to the court's conclusions regarding the merits of those grounds. *See* Syl. Pt. 3, *Barnett v. Wolfolk*, 149 W. Va. 246, 140 S.E.2d 466 (1965) ("This Court may, on appeal, affirm the judgment of the lower court when it appears that such judgment is correct on any legal ground disclosed by the record, regardless of the ground, reason or theory assigned by the lower court as the basis for its judgment.").

With regard to petitioner's *Zain III* claim, we held in syllabus point 4 of that opinion that

[a] prisoner against whom a West Virginia State Police Crime Laboratory serologist, other than Fred Zain, offered evidence and who challenges his or her conviction based on the serology evidence is to be granted a full habeas corpus hearing on the issue of the serology evidence. The prisoner is to be represented by counsel unless he or she knowingly and intelligently waives that right. The circuit court is to review the serology evidence *presented by the prisoner* with searching and painstaking scrutiny. At the close of the evidence, the circuit court is to draft a comprehensive order which includes detailed findings as to the truth or falsity of the serology evidence and if the evidence is found to be false, whether the prisoner has shown the necessity of a new trial based on the five factors set forth in the syllabus of *State v. Frazier*, 162 W.Va. 935, 253 S.E.2d 534 (1979).

219 W. Va. at 409, 633 S.E.2d at 763 (emphasis added).

Petitioner contends that the circuit court failed to review the serology evidence, afford him "a full habeas corpus hearing on the issue," or address the truth or falsity of the serology evidence in its order. Petitioner also argues that the court erred in denying his motion for additional DNA testing. We find no merit to these contentions. Petitioner was afforded a hearing on the serology evidence, but he presented no evidence on that issue. Instead, he requested "that the record be kept open so that I can look at" the serology evidence. The court granted the request, giving petitioner two months to file a supplemental brief on the issue. In the forthcoming "Statement Regarding DNA Evidence," petitioner acknowledged that he was "not able to say that Trooper Myers [sic] testing was flawed." The court reviewed the sparse evidence presented by petitioner, and its findings were proper in light of the sparsity of that evidence.

As to petitioner's claim that the court should have granted additional DNA testing, we have made clear that our

ruling in [*Zain III*] does not afford every petitioner with alleged serology issues the right to additional DNA testing. In order to have the right to additional DNA testing, the evidence sought to be tested must likely produce an opposite result if a new trial were to occur, and the evidence cannot be such that its purpose is merely to impeach or discredit a State's witness.

Syl. Pt. 6, in part, *State ex rel. Burdette v. Zakaib*, 224 W. Va. 325, 685 S.E.2d 903 (2009). Petitioner, both below and before this Court, fails to show how retesting the blood found within the gun would produce an opposite result at trial, particularly in light of petitioner's confession and the evidence linking the bullet recovered from one of his victims to petitioner's gun. Having failed to sustain this burden, the court did not err in denying petitioner's motion.

In petitioner's final assignment of error, he claims that the court erred in failing to hold a hearing on his previously un-adjudicated claims of ineffective assistance of habeas counsel. He argues that the court's finding that "these matters have been previously adjudicated decided and denied" is clearly erroneous because the matters—pertaining to prior habeas counsel—could not have been previously adjudicated.

First, as noted in regard to his *Zain III* claim, petitioner was afforded a hearing. He was permitted to present evidence on claims related to prior habeas counsel's representation, but he did not present any such evidence. Further, a review of the alleged ineffective assistance of habeas counsel claims, which are contained within petitioner's habeas petition filed while self-represented and incorporated by reference into his amended petition filed with the assistance of counsel, reveals that these claims, in fact, concern trial counsel's representation. Petitioner merely attempts, under the guise of ineffective assistance of habeas counsel, to relitigate alleged issues surrounding trial counsel's representation or raise issues concerning that representation that could have been raised earlier. For example, petitioner claimed that habeas counsel was ineffective for failing to move for a change of venue, failing to challenge the sufficiency of the evidence adduced at his trial, and failing to "properly argue" a violation of the prompt presentment rule and prosecutorial misconduct. As these issues either were previously litigated or could have been, the circuit court's conclusion was not clearly erroneous. *See Losh* at syl. pt. 4.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** March 23, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

5